IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRISH ANN FONTANA,                )
                                  )
        Plaintiff,                 )
                                  )
   -vs-                           )    Civil Action No. 17-1146
                                  )
NANCY A. BERRYHILL,[1]            )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
        Defendant.                 )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 16 and 18). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 17 and 19). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 16) and granting Defendant's Motion for Summary Judgment. (ECF No. 18).

**I.     BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), John J. Porter, held a hearing on December 3, 2014. (ECF No. 12-2, pp. 35-61). On January 29, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 12-2, pp. 12-20).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 16 and 18). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

## II. LEGAL ANALYSIS

### A. Standard of Review[2]

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental

---

[2] In her brief, Plaintiff sets forth the standard of review for summary judgments in cases originally filed in federal district courts citing to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 17, pp. 4-5). This standard does not apply in social security appeal cases. On the next page of her brief, I note Plaintiff sets forth the correct standard of review in social security cases. (ECF No. 17, p. 5). Nonetheless, in her conclusion, however, Plaintiff states that she "has raised sufficient questions of fact" such that the case should be reversed. *Id.,* at p. 10.
> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). To be clear, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, Plaintiff's entire argument in this regard is misplaced.

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Post-Decision Evidence

Plaintiff does not raise an error on the part of the ALJ. *See,* ECF No. 17. It seems that Plaintiff is asserting that the case should be remanded because ALJ "did not have the MRI of Plaintiff's spine that was taken September 15, 2016" and "her disability is progressing." (ECF No. 17, pp. 9, 10). The date of the ALJ's decision is January 29, 2015. (ECF No. 12-2, p. 20). Thus, Plaintiff attempts to rely on a record that was not before the ALJ and was only first submitted for review to the Appeals Council. *Id.;* see also ECF No. 12-2, pp. 25-29. As set forth above, the

3

instant review of the ALJ's decision is not *de novo* and the ALJ's findings of fact are conclusive if supported by substantial evidence. *Mathews v. Eldridge,* 424 U.S. 319, 339, 96 S.Ct. 893, 905 n. 21 (1976). "[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence." *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991). Thus, my review of the ALJ's decision is limited to the evidence that was before him. *Id.;* 42 U.S.C. §405(g). Therefore, pursuant to Sentence Four of §405(g), when reviewing the ALJ's decision, I cannot look at the post-decision evidence that was not first submitted to the ALJ. If, however, a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied by a plaintiff to justify remand. *Id., citing Szubak,* 745 F.2d at 833.

In this case, Plaintiff has not made any such arguments. As a result, I cannot consider the post-decision evidence pursuant to Sentence Four of §405(g) and I find that Plaintiff has failed to satisfy any of the requirements for remand under Sentence Six of §405(g). Therefore, remand is not warranted on this issue.

### C. <u>Vocational Expert ("VE")</u>

To the extent Plaintiff's brief can be read to raise an issue with the hypothetical questions posed to the VE, I find no merit to this argument. *See,* ECF No. 17, pp. 9-10. An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's first hypothetical question accurately reflected Plaintiff's impairments. (ECF No. 12-2, pp. 12-20; 57-58). Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRISH ANN FONTANA, )
　　　　　　　　　　　　　　　　　　　　 )
　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　 )
　-vs- ) Civil Action No. 17-1146
　　　　　　　　　　　　　　　　　　　　 )
NANCY A. BERRYHILL,[3] )
COMMISSIONER OF SOCIAL SECURITY, )
　　　　　　　　　　　　　　　　　　　　 )
　　　　　Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 21st day of May, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 16) is denied and Defendant's Motion for Summary Judgment (ECF No. 18) is granted.

　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　s/ Donetta W. Ambrose
　　　　　　　　　　　　　　　Donetta W. Ambrose
　　　　　　　　　　　　　　　United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.